UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CAVAZOS,<br><br>   Plaintiff,<br><br>   v.<br><br>UNKNOWN,<br><br>   Defendant. | Case No.  2:24-cv-01137-JDP (PC)<br><br>**ORDER**<br><br>SCREENING PLAINTIFF'S COMPLAINT AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF Nos. 1 & 2 |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The complaint alleges two discrete incidents; one that occurred in 2001 at Corcoran State Prison and one that occurred in 2008 at High Desert State Prison. Because it appears that plaintiff's claims are barred by the statute of limitations, I will give plaintiff a chance to amend his complaint before I recommend that this action be dismissed. I also grant plaintiff's motion to proceed *in forma pauperis*, which makes the required showing.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint alleges two separate incidents; the first occurred at Corcoran State Prison in 2001. ECF No. 1 at 4. Plaintiff claims that he assaulted inmate Martinez only because two unidentified correctional officers threatened to house him with an inmate known for assaulting his cellmates if plaintiff did not fight inmate Martinez. *Id.* As a result of the fight, plaintiff sustained a laceration to his left eye and was shot four times with a projectile. *Id.* The second incident occurred at High Desert State Prison in 2008. *Id.* at 5. There, plaintiff initially shared a cell with his brother Enrique, but plaintiff decided that it would be best for their relationship if they were housed in different cells. *Id.* Plaintiff was moved to another yard, but when he arrived, an unidentified sergeant told plaintiff that he needed to report false allegations about plaintiff's

1 brother. *Id.* Plaintiff refused and the sergeant placed plaintiff on contraband watch, searched his belongings, and listed plaintiff's brother as an enemy. *Id.*

As it stands, it appears that plaintiff's claims are both unrelated and barred by the statue of limitations.

Failure to comply with the applicable statute of limitations may be grounds for dismissal at the screening stage if it apparent from the face of the complaint that plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Section 1983 claims use the limitations period from the forum state's statute of limitations for personal injury torts, *see Wilson v. Garcia*, 471 U.S. 261, 276 (1985), which, in California, is two years, *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1. This two-year statute of limitations period is tolled for two years if the plaintiff is a prisoner serving a term of less than life, giving such prisoners effectively four years to file a federal suit. *See* Cal. Civ. Proc. Code § 352.1(a); *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's California's equitable tolling rules if they are not inconsistent with federal law). The statute of limitations starts to run when the plaintiff's claim has accrued, that is, when the plaintiff knows or has reason to know of the injury that is the basis of his action. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1998).

Based on the complaint's allegations, plaintiff's claims accrued in 2001 and 2008, and the statute of limitations expired four years later, in 2005 and 2012, respectively. However, plaintiff did not file this action until April 15, 2024, several years after the limitations period expired. It appears this action should be dismissed for failure to comply with the applicable statute of limitations. However, I will allow plaintiff the opportunity to amend his complaint to allege facts that establish that each claim arising out of 2001 and 2008 incidents are not time-barred or that tolling applies, if he believes he can do so in good faith.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is

filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint's caption should include each defendant's name, be titled "First Amended Complaint," and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint, subject to a recommendation that it be dismissed.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:  July 18, 2024                               _____
                                                                    JEREMY D. PETERSON
                                                                    UNITED STATES MAGISTRATE JUDGE