1
2
3
4
5
6
7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT CAVAZOS,

Case No.  2:24-cv-1137-JDP (P)

12            Plaintiff,

13       v.

ORDER; FINDINGS AND
RECOMMENDATIONS

14   UNKNOWN,

15            Defendant.

16

17       Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

18   under 42 U.S.C. § 1983.  In his first amended complaint, he alleges two discrete incidents: one

19   that occurred in 2001 at Corcoran State Prison and one that occurred in 2008 at High Desert State

20   Prison.  Plaintiff's claims are barred by the applicable statute of limitations, and so I recommend

21   that plaintiff's first amended complaint be dismissed without leave to amend.

22                       **Screening and Pleading Requirements**

23       A federal court must screen a prisoner's complaint that seeks relief against a governmental

24   entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

25   claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

26   claim upon which relief may be granted, or seeks monetary relief from a defendant who is

27   immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

28

1

1    A complaint must contain a short and plain statement that plaintiff is entitled to relief,

2  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

3  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

4  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

5  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

6  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

7  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

8  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

9  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

10  n.2 (9th Cir. 2006) (en banc) (citations omitted).

11    The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

12  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

13  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

14  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

15  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

16  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

17  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

18                                          **Analysis**

19    Plaintiff filed his original complaint on April 15, 2024, alleging two separate causes of

20  action—one that occurred in 2001 and another in 2008.  ECF No. 1.  I screened plaintiff's

21  complaint and dismissed it because it appeared that the claims were both unrelated and barred by

22  the statute of limitations.  ECF No. 7.  I gave plaintiff an opportunity to amend his complaint to

23  allege facts establishing that either or both claims is not time-barred.  *Id.*

24    Now before me is plaintiff's first amended complaint, in which he raises the same

25  allegations as appeared in his original complaint.  ECF No. 17.  First, he alleges that, in 2001, he

26  assaulted fellow inmate Martinez because correctional officers threatened to house him with an

27  inmate known for assaulting his cellmates if plaintiff did not fight inmate Martinez.  *Id.* at 4-5.

28  As a result of the fight, plaintiff sustained a laceration to his left eye and was shot four times with

                                                2

1    a projectile. *Id.* The second incident occurred at High Desert State Prison in 2008. *Id.* at 5.

2    There, plaintiff initially shared a cell with his brother Enrique but was later moved to another

3    yard. *Id.* at 6-7. When he arrived, an officer told plaintiff that he needed to report false

4    allegations about his brother. *Id.* Plaintiff refused, and the officer placed plaintiff on contraband

5    watch, searched his belongings, and listed plaintiff's brother as an enemy. *Id.*

6        As I explained in my first order dismissing his complaint, failure to comply with the

7    applicable statute of limitations may be grounds for dismissal at the screening stage if it apparent

8    from the face of the complaint that plaintiff cannot "prevail, as a matter of law, on the equitable

9    tolling issue." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Section 1983

10   claims use the limitations period from the forum state's statute of limitations for personal injury

11   torts, *see Wilson v. Garcia*, 471 U.S. 261, 276 (1985), which, in California, is two years, *see*

12   *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1. This two-

13   year statute of limitations period is tolled for two years if the plaintiff is a prisoner serving a term

14   of less than life, giving such prisoners effectively four years to file a federal suit. *See* Cal. Civ.

15   Proc. Code § 352.1(a); *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow

16   the state's California's equitable tolling rules if they are not inconsistent with federal law). The

17   statute of limitations starts to run when the plaintiff's claim has accrued, that is, when the plaintiff

18   knows or has reason to know of the injury that is the basis of his action. *Two Rivers v. Lewis*, 174

19   F.3d 987, 991 (9th Cir. 1998).

20       Plaintiff's first amended complaint contains no allegations that establish that either claim

21   arising out of these incidents is not time-barred; plaintiff makes no allegations suggesting that

22   tolling could apply. *See generally* ECF No. 17. As such, his claims, arising out of incidents that

23   occurred in 2001 and 2008, are time-barred, and I recommend that the complaint be dismissed

24   without leave to amend.

25       Accordingly, it is hereby ORDERED that the Clerk of Court is directed to assign a district

26   judge to this action.

27       Further, it is hereby RECOMMENDED that this action be DISMISSED without leave to

28   amend as time-barred, and the Clerk of Court be directed to close this action.

1    These findings and recommendations are submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3    after being served with these findings and recommendations, any party may file written

4    objections with the court and serve a copy on all parties.  Such a document should be captioned

5    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

6    objections shall be served and filed within fourteen days after service of the objections.  The

7    parties are advised that failure to file objections within the specified time may waive the right to

8    appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

9    *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10

11   IT IS SO ORDERED.

12

     Dated:     April 28, 2025

13                                                    _____
                                                      JEREMY D. PETERSON
                                                      UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                      4